| | | | |
|---|---|---|---|
| DONNA HALL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:11-CV-20 |
| | ) | | (VARLAN/SHIRLEY) |
| ADVANCE STORES COMPANY, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This civil action is before the Motion to Dismiss [Doc. 4], filed by defendant Advance

Stores Company, Inc.  In the motion, defendant asserts that plaintiff's complaint does not

meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955

(2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and fails to state a claim for which

relief may be granted.  Plaintiff Donna Hall has filed a response [Doc. 7], asserting that she

has submitted an amended complaint [Doc. 8] that contains sufficient factual allegations to

support her claims.  Defendant has filed a reply [Doc. 9], asserting that the amended

complaint does nothing to cure the deficiencies underlying the original complaint.  The

matter is ripe for determination.

I.      **Facts**

The following factual allegations are taken from plaintiff's amended complaint [Doc.

8].

Plaintiff was employed by defendant in April of 2008. On or about April 28, 2008, while working in the course and scope of her employment, plaintiff suffered an injury to her foot for which she subsequently underwent treatment by Dr. Alan Whiton. Plaintiff also sought benefits for her injury under the applicable workers compensation law. On or about December 11, 2009, defendant terminated plaintiff's employment for the stated reason of "excessive absenteeism," despite, plaintiff asserts, the fact that she was not absent from work on an excessive basis. Prior to her termination, plaintiff also asserts that she was not "provided the opportunity to participate in the progressive disciplinary policy for absenteeism utilized" by defendant and was also advised by her supervisor that "she would lose a bonus" due to her sustaining a work related injury. Plaintiff asserts further that her termination was as part of a "general scheme" to discourage workers from seeking workers compensation benefits and that her termination constitutes retaliatory discharge under Tennessee law. Last, plaintiff asserts that defendant's actions were "intentional, malicious, and done in willful disregard" of Tennessee law and constitute an illegal device pursuant to Tenn. Code Ann. § 50-6-114.

## II.    Analysis

Defendant asserts that plaintiff has failed to plead factual content in either her complaint or her amended complaint that allows the Court to draw a reasonable inference that defendant is liable for retaliation. In her response to the motion to dismiss, plaintiff does not offer any argument, stating only that the amended complaint "states sufficient factual allegations to support" her claims.

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  In order to survive a Rule 12(b)(6) motion, a complaint must contain allegations supporting all material elements of the claims.  *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).  To satisfy this standard, a plaintiff need only offer "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant.  *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).  Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  *Twombly*, 550 U.S. at 555.  A formulaic recitation of the elements of a cause of action will not do, neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

Defendant argues that plaintiff has failed to allege any of the following in her amended complaint: "who" engaged in the alleged retaliatory animus; any factual basis for defendant's alleged "general scheme" to discourage workers from filing workers compensation suits; who told plaintiff she would not receive a "bonus" because of her work related injury and when this comment occurred; whether other employees were treated

differently; whether the person with the alleged retaliatory animus had a decision-making role in plaintiff's termination; and the alleged causal connection between plaintiff's workplace injury on April 28, 2009 and her termination on December 11, 2009, seventeen months later. Defendant also asserts that the three additional sentences added to plaintiff's amended complaint do not succeed in bringing her complaint within the standard required by *Twombly* and *Iqbal*.

In Tennessee, an employee who asserts a claim for retaliatory discharge for filing a workers' compensation claim has the burden of establishing four *prima facie* elements: (1) that he or she was an employee at the time of the injury; (2) that he or she made a claim against the employer for workers' compensation benefits; (3) that the employee's employment was terminated; and (4) that the claim for workers' compensation was a substantial factor in the employer's decision to discharge the employee from his employment. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558-59 (Tenn. 1993). As recognized in *Iqbal*, a formulaic recitation of these elements will not do, nor will naked assertions devoid of further factual enhancement. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

The Court agrees with defendant that plaintiff has not alleged sufficient factual matter in her amended complaint to state a *prima facie* case for retaliatory discharge for claiming workers' compensation benefits. Rather, plaintiff's amended complaint contains only an unadorned recitation of the elements for such a claim. As defendant points out, when there is a significant amount of time between a claimant's protected activity and the adverse

employment action, sufficient facts are required to support an inference of retaliation. *See, e.g., Fizzell v. Mohawk Indus.*, No. M2004-01598-COA-R3-CV, 2006 WL 1328773 (Tenn. Ct. App. May 15, 2006) (citing *Thomason v. Better-Bilt Prods., Inc.*, 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992)) (noting that, in order to meet the substantial factor requirement, a plaintiff must show either direct or "compelling circumstantial" evidence of a causal connection between the workers' compensation claim and the termination, not just the fact that the latter followed the former). In this case, in which the allegedly protected activity occurred seventeen months before plaintiff's termination, the Court cannot infer, without more, that plaintiff's claim for workers compensation benefits was a substantial factor in her termination. This is particularly so here because plaintiff's amended complaint is devoid of factual allegations describing defendant's alleged "general scheme" to discourage employees from claiming workers' compensation, devoid of factual allegations regarding who engaged in this "general scheme," devoid of factual allegations describing the denied "bonus" and the identify of the individual who told her she would not receive this bonus, and devoid of any factual allegations describing this bonus, who normally was entitled to it, and temporally connecting this comment or the "general scheme" to her termination.

In sum, plaintiff has not stated sufficient factual allegations to articulate a claim that is plausible on its face and raises plaintiff's right to relief beyond the speculative level. The amendments plaintiff added in her amended complaint do little to raise her right to relief beyond the speculative level and are not more than labels and conclusions and a formal recitation of the elements of a retaliation claim. More specifically, plaintiff has failed to

articulate a causal connection between her injury and her termination and has failed to sufficiently allege facts regarding the alleged "general scheme" to discourage employees from claiming workers' compensation. As such, the Court finds plaintiff's amended complaint fails to state a claim for relief under Rule 12(b)(6) and the standards set forth in *Twombly* and *Iqbal*.

## III.    Conclusion

For the reasons given above, defendant's motion to dismiss [Doc. 4] will be **GRANTED** and plaintiff's claims will be **DISMISSED**. The Clerk of Court will be **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE